**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*CLOSED*
*CIVIL*
*CASE*

Case No. 07-20421-CIV-GRAHAM/O'SULLIVAN

ANGEL CORREA and
HECTOR ANTONIO GIANUZZI,

       Plaintiffs,

vs.

ROACH BUSTERS and JUAN A.
LOPEZ,

       Defendants.
_____/

### DEFAULT FINAL JUDGMENT

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Default Judgment against Defendants Roach Busters, Inc., and Juan A. Lopez [D.E. 22-1].

**THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise duly advised in the premises.

### I.   INTRODUCTION

This case arises under the Fair Labor Standards Act, (FLSA) 29 U.S.C. §§201-219.  On February 16, 2007, Plaintiffs initiated this action by filing a Complaint against Defendants to recover unpaid overtime compensation, back pay, liquidated damages, costs and reasonable attorney's fees [D.E. 1].  According to the Statement of Claim, Plaintiffs estimate the unpaid overtime and back wages owed to Plaintiff Correa to be $1,760.00, and unpaid overtime and back wages owed to Plaintiff Gianuzzi to be $6,214.50 [D.E. 4].

On October 18, 2007, the Clerk of Courts entered a default against the Defendants in this matter [D.E. 21]. Plaintiffs then filed a Motion for Default Judgment [D.E. 22]. According to the Motion for Default, the Plaintiffs attempted between February 15, 2007 and June 8, 2007 to serve the Defendants [D.E. 20-1]. According to the Return of Service, on June 4, 2007, Plaintiffs attempted to serve the registered agent of Roach Busters, Inc., Juan Lopez, at the principal place of business [D.E. 23-2]. According to the Affidavit provided by Plaintiffs' Counsel, the process server attempted to serve the Corporation and the Registered Agent at the address on the Corporate Document and was informed that the Defendants do not reside at the address identified on the Corporate Document [D.E. 23-1]. On June 8, 2007, the process server attempted to serve the Defendants at three (3) different additional locations [D.E. 20-2]. The third attempted location yielded information that Defendant Roach Busters had moved from that location three months prior to that date. Id. On June 11 and 12, 2007, the Plaintiffs attempted to serve the Defendants through the Florida Department of State, Division of Corporations pursuant to Florida Statutes, Chapter 48.161. See [D.E. 20-3]. On September 24, 2007, Plaintiffs attempted to serve the Defendants through certified mail. See [D.E. 20-1]. On October 16, 2007, the items were returned to the Plaintiffs as "unclaimed" by the Defendant. See [D.E. 20-4].

As of today's date, Defendants have not entered an appearance in this matter nor entered a response to Plaintiffs' Motion for Default Judgment.

## II. <u>LAW AND DISCUSSION</u>

### A.   Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

Further, Federal Rule of Civil Procedure 55(b) sets forth the procedure for default judgment by the Court.   Rule 55(b)(2) provides, <u>inter alia</u>,

> **(b) Judgment.** Judgment by default may be entered as follows:...
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application...

Thus, the mere entry of a defendant's default by the Clerk does not, in itself warrant the court entering a default judgment,

as a clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See, Tyco Fire & Sec., LLC v. Alcocer, 2007 WL 542583 *2 (11th Cir. (Fla.))(citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pleaded allegations of fact. Id. Therefore, before entering a default judgment for damages, a court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id.

In the instant matter, the Plaintiffs request that this Court enter a default judgment and award back wages against Defendants in the amount calculated in the Statement of Claim. See [D.E. 4]. Plaintiffs also request that they be awarded liquidated damages equal to the amount of back wages, as well as attorney's fees and costs. See [D.E. 22-2]. In the Complaint, the Plaintiffs allege that they were employed as fumigators by the Defendant Roach Busters, which is owned by Defendant Juan Lopez, and that the Plaintiffs are entitled to recover unpaid overtime compensation pursuant to the FLSA, 29 U.S.C. § 201 et seq. The Complaint alleges that Plaintiff Correa worked fifty (50) hours a week between September 25, 2006 and October 20, 2006, and Plaintiff

Gianuzzi worked sixty-five (65) hours a week between August of 2005 and September 29, 2006.  Plaintiffs allege that Defendants failed to pay each of them the proper rate of time and one-half for all hours worked in excess of forty (40) hours per week.  Plaintiffs also allege that they are owed back pay for certain periods when they received no compensation.

Plaintiffs have submitted a Statement of Claim which sets forth their respective calculation of damages [D.E. 4].  Plaintiffs have also each submitted an Affidavit which reiterates the information contained in the Statement of Claim [D.E. 22-5, 22-6]. Further, as discussed above, Plaintiffs have submitted an affidavit of Counsel explaining the attempted service [D.E. 23-1], several Returns of Service indicating attempted service [D.E. 18-2, 20-2], and correspondence from the Florida Department of State, Division of Corporations indicating that a copy of the process and initial pleading was filed with that authority [D.E. 18-3, 20-3]. Plaintiffs have also filed correspondence from the National Personnel Records Center indicating that that entity could not locate any records indicating veteran service by Juan Lopez [D.E. 22-3].

Further, Florida Statute § 48.181, Service on nonresident engaging in business in state, provides in relevant part,

> (1) The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and

-5-

> <u>any person who is a resident of the state and who
> subsequently becomes a nonresident of the state or
> conceals his or her whereabouts</u>, of the privilege
> extended by law to nonresidents and <u>others to operate,
> conduct, engage in, or carry on a business or business
> venture in the state, or to have an office or agency in
> the state, constitutes an appointment by the persons and
> foreign corporations of the Secretary of State of the
> state as their agent on whom all process in any action or
> proceeding against them, or any of them, arising out of
> any transaction or operation connected with or incidental
> to the business or business venture may be served.</u> The
> acceptance of the privilege is signification of the
> agreement of the persons and foreign corporations that
> the process against them which is so served is of the
> same validity as if served personally on the persons or
> foreign corporations.

F.S.A. § 48.181 (emphasis added). Accordingly, after a thorough
review of Plaintiffs' pleadings and the record, the Court finds
that the Plaintiffs have stated a valid cause of action under the
FLSA against the Defendants and have provided substantial support
for the allegations contained in the Complaint and for the relief
sought therein.  The Court also concludes that the Plaintiffs have
perfected service upon the Defendants pursuant to F.S.A. § 48.181.
Defendants have failed to plead or otherwise defend against
Plaintiffs' claims.   Thus, the Court concludes that there is
sufficient basis in the pleadings to enter a default judgment
pursuant to Rule 55(b)(2) in this matter.

### B.   Reasonable Attorney's Fees

The Plaintiffs have also submitted an Affidavit from Counsel
for Fees and Costs in this Matter [D.E. 22-4].  Section 216(b) of
the FLSA, specifically provides for the award of reasonable

-6-

attorney's fees and costs when an employee prevails against an employer in an FLSA action. 29 U.S.C.A. §216(b). Accordingly, as the Court has determined that the Plaintiffs are entitled to a default judgment against the Defendants for their claims for overtime wages under the FLSA, the Plaintiffs are entitled to reasonable attorney's fees and costs.

The Court has reviewed the Affidavit from Counsel for Fees and Costs. The Plaintiffs seek attorneys fees for 10.0 hours billed by the Attorney at a rate of $300.00 per hour for a total of $3,000.00. The Court finds that the submitted fees are reasonable. Further, the Court finds that the costs submitted by the Plaintiffs attorney totaling $550.00 are reasonable and finds that Plaintiffs are entitled to an award for costs, as well.

### III. CONCLUSION

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Default Judgment [D.E. 22] is **GRANTED**. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiffs and against the Defendants. It is further

**ORDERED AND ADJUDGED** that the Plaintiff Correa shall have and recover from the Defendants the sum of $3520.00, consisting of $1760.00 in unpaid back pay and overtime compensation and $1760.00 in liquidated damages. In addition, it is

-7-

**ORDERED AND ADJUDGED** that the Plaintiff Gianuzzi shall have and recover from the Defendants the sum of $12,429.00, consisting of $6,214.50 in unpaid back pay and overtime compensation and $6,214.50 in liquidated damages.

In addition, it is **ORDERED AND ADJUDGED** that the Plaintiffs' shall be awarded Attorney's Fees and Reasonable Costs of Litigation.  The Plaintiffs shall have and recover the total sum of $3,550.00, representing $3000.00 in attorney's fees and $550.00 in costs, from the Defendants.  In addition, it is

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED** as moot.  In addition, it is

**ORDERED AND ADJUDGED** that Plaintiffs shall immediately provide Defendants with a copy of this Order via certified mail.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21 day of December, 2007.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

-8-